UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- x
POSR. A. POSR and KRIS GOUNDEN,
*pro se*,

                              Plaintiffs,

    -against-

PEOPLE OF THE STATE OF NEW YORK,

                              Defendant.
---------------------------------------------------------- x

**MEMORANDUM AND ORDER**
13-CV-5143 (DLI)(LB)

**DORA L. IRIZARRY, U.S. District Judge:**

On September 9, 2013, Posr A. Posr and Kris Gounden (collectively, "Plaintiffs")[1] filed a *pro se* submission entitled, "Habeas Corpus/Notice of Removal to the United States District Court for the Eastern District of New York Pursuant to 28 USC §§ 2254 and 1446[a] and Joinder," along with an "Affidavit Supporting Notice of Removal to the United States District Court for the Eastern District of New York" and an "Appendix for Notice of Removal and Habeas Corpus Dated 2013 Sept 9." (*See* 9/9/13 Submission ("Notice/Affidavit"), Dkt. Entry No. 1.) On September 30, 2013, Posr and Gounden paid the $5 filing fee required for petitions filed under 28 USC §§ 2241 and 2254. They did not, however, submit the $400 fee required when filing a Notice of Removal of a civil action under 28 U.S.C. § 1446(a). Whether construed as a petition for habeas corpus or as a civil action, the September 9, 2013 submission is dismissed for lack of subject matter jurisdiction.[2]

---

[1] Plaintiffs erroneously captioned this case, listing People of the State of New York as Plaintiffs. The Clerk of the Court is directed to amend the caption, using the proper caption set forth above.

[2] On December 19, 2013, while the decision on this action was pending, Gounden submitted a document entitled, "Motion for a Writ of Mandamus" (Dkt. Entry No. 6) and supporting documents (Dkt. Entry Nos. 8-9) seeking a preliminary injunction barring the State of New York from initiating any further criminal prosecutions of Plaintiffs.

## BACKGROUND

The following information is taken from the Notice/Affidavit and attached appendix, unless specifically indicated otherwise. On August 8, 2013, Posr and Gounden were arrested in front of 152 Broadway in Howard Beach, Queens. (Appendix Ex. 1; Ex. 2.) Posr and Gounden were "charged, essentially, for blocking an alleged public street that presumed innocent Gounden owns as private property." (Notice/Affidavit ¶ 11.) Posr was charged with Unlawful Imprisonment (N.Y. Penal Law § 135.05), Obstructing Governmental Administration (N.Y. Penal Law § 195.05), and Disorderly Conduct (N.Y. Penal Law § 240.20(5)). (*Id.* at ¶ 3; Appendix Ex. 1.) Gounden's criminal charges are pending under indictment number 2013QN054936, where the only remaining charge related to the August 8, 2013 arrest appears to be Disorderly Conduct (N.Y. Penal Law § 240.20(5)). (*See* Website for the New York State Unified Court System, https://iapps.courts.state.ny.us/webcrim_attorney/ (last visited 7/25/14).) There are no known changes pending against Posr.

Posr and Gounden allege that their arrests were related to a dispute involving real property owned by Gounden and claimed as a public roadway by the City of New York. (Notice/Affidavit ¶¶ 6, 11.) The property is located on Lots 161 and 162, Block 14228, on Broadway in Howard Beach, Queens County. (Appendix Ex. 3, at 2.) Posr and Gounden allege that Gounden owns the property without any restrictions or easements, but that nearby property owners and New York City officials have used a portion of Gounden's property as a public street, although it is not designated as such.[3] (Notice/Affidavit ¶¶ 6, 11, 15.) In support of this

---

These submissions contained no new allegations or support for the relief sought. Accordingly, the Motion for a Writ of Mandamus is terminated as moot by nature of the Court's dismissal of the action for lack of subject matter jurisdiction.

[3] The Court notes that Gounden has previously filed suit in this Court seeking declaratory and injunctive relief and damages related to the underlying property dispute involving the property in Howard Beach. *See Gounden v. City of*

assertion, they attach a January 30, 2013 decision in the case assigned Index Number 3005/12, by the New York State Supreme Court, Queens County, in which New York City's complaint against Gounden brought under New York's Real Property Actions and Proceedings Law § 871 was dismissed. (*Id.* at ¶¶ 91-96; Appendix Ex. 3.) That court held that "the segment of Broadway at issue cannot become a public highway pursuant to § 189 [of Article 8 of the Highway Law] since that section only applies to towns," and because "Howard Beach is not a town but part of the City of New York." (Appendix Ex. 3, at 2.) The court also noted: "It is undisputed that there are no easements of record on these lots and that the roadway is not shown on any maps." (*Id.*)

The Court construes the submissions as arguing that the underlying property dispute should be governed by a New York Eminent Domain Procedure Law ("EDPL") and because that statute "invests exclusive original controlling jurisdiction to resolve that property dispute in the appellate division and in no other court" the state trial courts are divested of jurisdiction over any arrest related to the underlying property dispute. (Notice/Affidavit ¶¶ 1, 11.) Specifically, they allege that New York City's failure to resolve the property dispute under the EDPL thereby "deprives every civil and criminal court of the State of New York of the jurisdiction necessary to both hear and determine the civil 'property' element of the criminal matter and controversy." (*Id.* at ¶ 11.) Posr and Gounden further allege, without any support, that "when no state court has jurisdiction habeas corpus applies." (Notice/Affidavit ¶ 14.) According to them, "[o]nly the federal judiciary has the jurisdiction, under 28 U.S.C. §§ 2254 and/or 1446[a], to resolve that civil matter." (Notice/Affidavit ¶ 13.)

---

*New York, et al.*, 10 CV 3438-BMC-JMA, slip op. (E.D.N.Y. April 22, 2011) (granting defendants' motion to dismiss), *aff'd*, *Gounden v. Campagna*, 487 Fed. Appx. 624 (2d Cir. 2012) (summary order).

## DISCUSSION

**I.      No Basis for Habeas Corpus Relief**

First, to the extent that the Court construes the petition as asserting a claim under 28 U.S.C. § 2254, the claim is premature and must be dismissed. Federal courts may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). The petitioner must "be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989); *see also Williams v. Horn*, 2006 WL 2333874, at *1 (E.D.N.Y. Aug. 9, 2006) ("[B]ecause the criminal proceedings are ongoing, there has been no judgment or adjudication on the merits of petitioner's claims and therefore, this § 2254 petition is premature."). In this case, neither Posr nor Gounden has alleged that he is "in custody pursuant to the judgment of a State court." Accordingly, their claims are dismissed.

Second, to the extent that the Court construes the petition as asserting a claim under 28 U.S.C. § 2241, the petition is dismissed. Arguably, Section 2241 would be applicable if Posr and Gounden were subject to pretrial custody and if they had exhausted their state court remedies. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489 (1973) (permitting a state detainee to bring a federal habeas petition to challenge his lengthy pretrial detention because he had previously presented his speedy trial claim to the courts of Kentucky); *Marte v. Berkman*, 2011 WL 4946708, at *6 (S.D.N.Y. Oct. 18, 2011) (permitting petitioners to challenge their pretrial detention pursuant to 28 U.S.C. § 2241). However, Posr and Gounden have not established that they are subject to any custodial restrictions during pending criminal proceedings, nor have they demonstrated that they have exhausted the remedies available through state court procedures. Accordingly, there is no basis for relief pursuant to 28 U.S.C. § 2241.

## II. No Basis for Removal

Posr and Gounden seek to remove "the civil property aspect of the criminal case, if not the entire criminal case" from state court to federal court pursuant to 28 U.S.C. § 1446(a).[3] First, Posr and Gounden did not submit the $400 fee for filing a Notice of Removal of a civil action. Second, 28 U.S.C. § 1446(a), sets forth the "Procedure for removal of *civil* actions." 28 U.S.C. § 1446 (emphasis added). Thus, even if Posr and Gounden had paid the filing fee to remove the state action to federal court, they have not identified a statutory basis for the removal of Gounden's pending criminal case, and, thus, any such removed case would be remanded to the Queens Criminal Court.

## III. No Basis for a Civil Rights Action

The Court construes the submissions as asserting an independent civil rights action under 42 U.S.C. § 1983 as Posr and Gounden allege violations of the Fourth and Fourteenth Amendments of the United States Constitution and claims for violations of constitutional rights may be cognizable under 42 U.S.C. § 1983. To maintain a § 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a *person* acting under color of state law." *Pitchell v. Callan*, 13 F. 3d 545, 547 (2d Cir. 1994) (emphasis added). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.* A plaintiff must also show that each of the named individuals is personally liable for the alleged harm. *See Feingold v. New York*, 366 F. 3d 138, 159 (2d Cir. 2004) ("A finding of 'personal involvement of [the individual] defendants' in an alleged constitutional deprivation is a

---

[3] It is not clear what role Posr plays in this litigation. It does not appear that there are any criminal charges lodged against him, or that he has any interest in the underlying property dispute.

prerequisite to an award of damages under Section 1983." (quoting *Provost v. City of Newburgh*, 262 F. 3d 146, 154 (2d Cir. 2001)). The submissions do not identify any individual defendants who could be held liable for civil rights violations, nor do the Plaintiffs seek damages or any injunctive or declaratory relief that this Court could grant.

Moreover, each of the alleged violations of their constitutional rights center on the "civil aspects" of the criminal case, the public and private rights of the real property. Posr and Gounden allege that Gounden's continued prosecution for Disorderly Conduct (N.Y. Penal Law § 240.20(5)) cannot be maintained, if the disputed property is private property and not a public street. Thus, the alleged "civil aspects" are at the heart of the criminal case. Under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), federal courts may not interfere with pending state court criminal prosecutions, absent some extraordinary circumstance such as bad faith prosecution, patently unconstitutional laws, or the lack of an adequate process in state court for protecting the rights of the accused. The Second Circuit has held that "*Younger* abstention is appropriate when: 1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court." *Hansel v. Springfield*, 56 F. 3d 391, 393 (2d Cir. 1995), *cert. denied*, 516 U.S. 1012 (1995). Here, the criminal case against Gounden is still pending, New York has an important state interest in enforcing its criminal laws, and Gounden is free to raise any constitutional claims in the pending criminal proceedings. *See Kugler v. Helfant*, 421 U.S. 117, 124 (1975) ("[O]rdinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights."). Accordingly, to the extent that Posr and Gounden ask this Court to consider any aspect of Gounden's pending criminal case, these claims are dismissed.

Posr and Gounden argue that *Younger* does not apply in the face of their prosecution in bad faith. But their conclusory allegation of bad faith—that City officials knew about the property dispute when they charged Gounden—does not allege that the police officers acted out of any unlawful purpose. Rather, Gounden's claim that he was charged while engaged in lawful activity on his own private property is advanced more appropriately as a defense to the criminal charge in state court. Gounden has not alleged any facts that would bring his case within any exception for extraordinary circumstances. Accordingly, this Court must abstain from adjudicating the claim regarding the ongoing state court proceedings.

## CONCLUSION

For the reasons set forth above, this action is dismissed in its entirety. As Posr and Gounden have not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. *See* 28 U.S.C. § 2253(c)(2). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
       July 25, 2014

                                           _____/s/_____
                                              DORA L. IRIZARRY
                                           United States District Judge